# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE L. VONTRESS,<br><br>            Petitioner,<br><br>    v.<br><br>WARDEN CALVIN JOHNSON, et al.<br><br>           Respondents. | Case No. 2:20-cv-01909-GMN-EJY<br><br>**ORDER** |

This is a habeas corpus action under 28 U.S.C. § 2254. The court ordered petitioner to pay the filing fee. ECF No. 3. Petitioner has filed a request for leave to proceed in forma pauperis for good cause. ECF No. 6. He has demonstrated that the funds that appeared to be available for paying the filing fee are in fact in a locked trust account, and that he has only $0.47 in his accessible account. Upon reconsideration, the court will grant petitioner leave to proceed in forma pauperis.

The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition is without merit on its face, and the court denies it.

Petitioner explicitly states at the outset that "a final order of the Nevada Supreme Court is being challenged, not a judgment of conviction." ECF No. 1-1 at 1. The order in question, dated April 1, 2020, dismissed his appeal from a 2012 judgment of conviction for three reasons. First,

the judgment of conviction was entered on June 15, 2012, and thus the appeal was untimely. Second, petitioner previously had appealed the judgment of conviction, and Nevada law does not allow a duplicate appeal. Third, petitioner was trying to appeal the denial of a presentence motion for a new trial, and no statute or court rule authorized such an appeal. ECF No. 1-1 at 64-65. The Nevada Supreme Court denied rehearing on May 25, 2020. ECF No. 1-1 at 79.

Petitioner's sole claim for relief is that the Nevada Supreme Court should not have dismissed the appeal. He argues that back in 2012, he filed a motion for a new trial before sentencing. The state district court denied the motion, but the state district court did not enter a written order. Petitioner further argues that under the version of Rule 4(b)(3) of the Nevada Rules of Appellate Procedure in effect at the time his time to appeal the judgment of conviction was extended to 30 days after entry of the order denying a new trial. Thus, petitioner concludes, the April 1, 2020 order of the Nevada Supreme Court was erroneous because he filed his notice of appeal within 30 days after the state district court entered an order denying the motion for a new trial on May 5, 2020. ECF No. 1-1 at 15-16.

The 2020 appellate proceedings are not the first time that petitioner has argued that his appeal from the judgment of conviction is timely because of his motion for a new trial. He did the same in an untimely appeal in 2012-14. The Nevada Supreme Court rejected his arguments then. At the time, Rule 4(b)(3) had two extensions for the 30-day time to appeal based upon a motion for a new trial. If the motion for a new trial was based upon newly discovered evidence, then the time to appeal the judgment of conviction was extended to 30 days after entry of the order denying the motion, if the defendant filed the motion before entry of judgment or within 30 days after entry of judgment. Nev. R. App. P. 4(b)(3)(B) (2009). The Nevada Supreme Court ruled that petitioner's new-trial motion was not based upon newly discovered evidence, so Rule 4(b)(3)(B) did not apply. Vontress v. State, 130 Nev. 1259, 2014 WL 1006734, at *2 (Nev., March 13, 2014) (table disposition). If the motion for a new trial was not based upon newly discovered evidence, then the time to appeal the judgment of conviction was extended to 30 days after entry of the order denying the motion, if the defendant timely filed the motion under state law. Nev. R. App. P. 4(b)(3)(A) (2009). A defendant must file a motion for a new trial not based

2

upon newly discovered evidence within 7 days of the verdict or finding of guilt. Nev. Rev. Stat. § 176.515(4). The Nevada Supreme Court determined that petitioner untimely filed his new-trial motion after the 7-day limit, and thus Rule 4(b)(3)(A) did not apply. Vontress v. State, 130 Nev. 1259, 2014 WL 1006734, at *2 (Nev., March 13, 2014) (table disposition). The Nevada Supreme Court thus dismissed the appeal as untimely. Id.

The petition has multiple defects. First, what petitioner has described is a violation of state law. Violations of state law are not addressable in federal habeas corpus. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011), Estelle v. McGuire, 502 U.S. 62, 67 (1991), Lewis v. Jeffers, 497 U.S. 764, 780 (1990), Pulley v. Harris, 465 U.S. 37, 41 (1984).

Second, what petitioner is alleging is not a violation of a constitutional right, but an error in the state-court review process. Such an error is not reviewable in federal habeas corpus. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).

Third, and this is related to the first two defects, this court can grant habeas corpus relief to a person, like petitioner, who is in custody pursuant to a state-court judgment of conviction only when that custody violates the Constitution or laws of the United States.[1] 28 U.S.C. § 2254(a). Petitioner's only claim for relief is that he disagreed with the way that the Nevada Supreme Court handled his 2020 direct appeal under state law. Even if everything he alleges is true, the court still could not grant him relief under § 2254(a).

Any of these defects is fatal, and the court will dismiss the action. Reasonable jurists would not find this determination to be debatable or wrong, and the court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that petitioner's request for leave to proceed in forma pauperis for good cause (ECF No. 6) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

---

[1] Petitioner's statement that he is not challenging the validity of the judgment of conviction is irrelevant. Custody under the judgment of conviction, not the judgment of conviction itself, is what habeas corpus tests. Petitioner cannot escape the restrictions of § 2254(a) simply by stating that he is challenging the validity of an order of the Nevada Supreme Court.

3

1    IT FURTHER IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus, currently in the docket at ECF No. 1-1.

IT FURTHER IS ORDERED that that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing. No response by the Attorney General is necessary.

IT FURTHER IS ORDERED that the petition for a writ of habeas corpus is **DENIED**. The clerk of the court is directed to enter judgment accordingly and to close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: January 26, 2021

_____
GLORIA M. NAVARRO
United States District Judge